UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL RAMON MARTINEZ,

                Plaintiff,

- against -

MILTON BENITEZ (a/k/a "El Perro Amarillo") and LUIS REDONDO (a/k/a "La Pauta"),

                Defendants.

**ORDER**

22 Civ. 3412 (PGG) (JLC)

PAUL G. GARDEPHE, U.S.D.J.:

        The Complaint in this pro se case was filed on April 27, 2022. (Cmplt. (Dkt. No. 1)) According to the Complaint, Defendants are citizens of Honduras. (Id. ¶¶ 5-6) The Defendants have not been served, and they have not appeared.

        Fed. R. Civ. P. 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." While that provision states that the 90-day time limit does not apply to service in a foreign country under Rule 4(f) or 4(j)(1), see Fed. R. Civ. P. 4(m), "a plaintiff does not have unlimited time to serve a defendant in a foreign country," Yellowave Corp. v. Mana, No. 00 CIV. 2267 SAS, 2000 WL 1508249, at *2 (S.D.N.Y. Oct. 11, 2000) (citation omitted). "Rather, where service is in a foreign country, the Court uses a flexible due diligence standard to determine whether service of process [i]s timely." Id. (quotation marks and citation omitted). However, Rule 4(m)'s time limit "is appropriate where [a] plaintiff has not even attempted service in the foreign country." Id. (citations omitted).

Here, there is no indication that Plaintiff has attempted to serve Defendants in Honduras. Accordingly, by **August 25, 2022**, Plaintiff will submit a letter describing his efforts to serve Defendants, and show cause why this case should not be dismissed for failure to prosecute.

Dated: New York, New York
July 29, 2022

SO ORDERED.

Paul G. Gardephe
United States District Judge